UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES B.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. C19-2075-BAT

**ORDER REVERSING THE COMMISSIONER'S DECISION AND REMANDING**

Plaintiff appeals the ALJ's decision finding him not disabled. He contends the ALJ erroneously assessed certain medical opinions and his residual functional capacity ("RFC"). Dkt. 25 at 2. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the case with for further proceedings under 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently 44 years old, has a high school diploma, and has worked as a driver, taxi driver, outside deliverer, merchandise deliverer, and home health attendant. Tr. 22, 226. In February 2017, he applied for benefits, alleging disability as of September 7, 2016. Tr. 181-88. His applications were denied initially and on reconsideration. Tr. 111-17, 120-25. The ALJ conducted a hearing in August 2018 (Tr. 28-52), and subsequently found Plaintiff not disabled.

Tr. 13-23.  The Appeals Council denied Plaintiff's request for review making the ALJ's decision the Commissioner's final decision.  Tr. 1-6.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:**  Plaintiff has not engaged in substantial gainful activity since the alleged onset date.

**Step two:**  Plaintiff has the following severe impairments: anxiety and depression.

**Step three:**  These impairments did not meet or equal the requirements of a listed impairment.[2]

**RFC:**  Plaintiff can perform a full range of work at all exertional levels, with the following limitations: he can perform jobs with no greater specific vocational preparation level than 3.  He can tolerate few changes in the workplace and no public interaction.  He can have only incidental contact with co-workers and occasional interaction with supervisors.  He would be off-task and not productive up to 10 percent of a workday.

**Step four:**  Plaintiff cannot perform his past work.

**Step five:**  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, he is not disabled.

Tr. 13-23.

## DISCUSSION

**A.     David Zacharias, M.D.**

Dr. Zacharias examined Plaintiff in April 2017 and prepared a narrative report describing Plaintiff's psychiatric symptoms and limitations.  Tr. 315-19.  Dr. Zacharias described most of Plaintiff's abilities as "poor to fair."  Tr. 319. The ALJ rejected Dr. Zacharias's opinion on the grounds it is:

> vague, given entirely in descriptive terms of severity rather than a specific maximum functional evaluation. . . . Not only is this opinion vague, but the

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER REVERSING THE COMMMISSIONER'S DECISION AND REMANDING - 2

almost uniformly ["]poor["] descriptors are too extreme given the claimant's good performance on fund of knowledge and concentration tests . . . [and] inconsistent with the claimant's average to high average IQ scores and memory test scores[.]

Tr. 20-21.

Plaintiff argues the ALJ erred in rejecting Dr. Zacharias's opinions as vague. The record supports plaintiff's argument. Dr. Zacharias found plaintiff's responses to questions directed to abstract thinking were impaired, Tr. 318; that his mental status exam revealed a "malodorous" individual whose "overall grooming was poor"; a person who was anxious with distractible attention and fidgety psychomotor behavior. Tr. 317. Dr. Zachiarias also noted Plaintiff generally held past jobs for 6-8 months, that he was fired for not showing up to work consistently and that he is not reliable at work. Tr. 317. The doctor noted Plaintiff gets up between 11:00 am and 4:00 pm, has no house-hold chores, does not cook, takes the bus, and bathes infrequently because he is homeless. *Id.*

Dr. Zacharias opined Plaintiff's ability to perform simple and repetitive tasks is fair; his ability to perform detailed to complex tasks is poor to fair; his ability to perform work activities on a consistent basis without special instruction is poor to fair based upon his cognitive exam, severity of psychiatric symptoms and impaired ability to concentrate and persist in daily activities. Tr. 319. Dr. Zacharias also opined Plaintiff's ability to perform work duties at a sufficient pace is poor to fair based on his ability to perform activities of daily living, severity of psychiatric symptoms and impaired ability to concentrate and persist. The doctor further opined plaintiff's ability to maintain regular attendance in the workplace and complete a normal workday is poor to fair based upon the complexity of psychiatric symptoms, work history, education and performance on cognitive exam and activities of daily living. And finally, the doctor opined Plaintiff's ability to interact with coworkers, superiors and the public and adapt to

stresses of the workplace is poor to fair based upon the Plaintiff's interpersonal presentation and his history of social functioning. *Id.*

The commissioner argues the ALJ reasonably rejected Dr. Zacharias's opinion as vague citing *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020). Dkt. 26 at 2. In *Ford*, the Court of Appeals affirmed the ALJ's rejection of a treating physician opinion because it "lacked explanation" and his opinion was contradicted by the record. *Id.* at 1155. Unlike *Ford*, Dr. Zacharias stated Plaintiff's functioning was poor to fair in multiple areas based upon his cognitive testing, the severity of his psychiatric symptoms, his impaired ability to concentrate, his employment and work history and his interpersonal presentation. The only reasonable interpretation of Dr. Zacharias's opinion is Plaintiff suffers from mental health problems that significantly affect his ability to perform work. The ALJ therefore should have developed the record further to resolve any ambiguity in the opinion regarding the precise degree of limitation rather than reject the opinion outright. This is because "[a]mbiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'" *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir.2001) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir.1996).

The ALJ also rejected Dr. Zacharias's opinion as inconsistent with Plaintiff's IQ scores and memory scores. But Dr. Zacharias did not opine Plaintiff's functional limitations were caused by his IQ or his memory. Rather he opined testing showed Plaintiff had weaknesses in abstract thinking; the mental status examination showed "the claimant's attention is distractible," and his past history and daily activities showed he performed very limited activities and has a past history of anxiety, and being fired for not being reliable or showing up for work in a reliable manner. Dr. Zacharias opined Plaintiff's limitations were caused by the combination of Plaintiff's

ORDER REVERSING THE COMMMISSIONER'S DECISION AND
REMANDING - 4

mental health problems, his clinical examination, his testing, and the history he obtained regarding plaintiff's activities and work history. Accordingly, substantial evidence does not support the ALJ's rejection of the doctor's opinion as inconsistent with his findings. In sum, the ALJ erred in rejecting Dr. Zacharias's opinions. The error is harmful because it resulted in a RFC determination that does not account for all limitations.

### B. State Agency Opinions and RFC

Plaintiff argues the ALJ erred preferring the reviewing medical opinions of the state agency consultants. 20, over Dr. Zacharias's. Dkt. 25 at 12. The ALJ erred in rejecting Dr. Zacharias's opinion, and thus, on remand, the ALJ must reassess state agency consultant opinions. Plaintiff also argues the ALJ's RFC determination. On remand the ALJ reassess the RFC in light of reassessment of Dr. Zacharias's opinion.

## CONCLUSION

The Court **REVERSES** the Commissioner's final decision and **REMANDS** the case for further proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reassess the opinion of Dr. Zacharias, develop the record and redetermine plaintiff's residual functional capacity as needed, and proceed to the remaining steps of the five-step disability evaluation process.

DATED this 22nd day of December, 2020.

BRIAN A. TSUCHIDA  
United States Magistrate Judge